UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW VINYARD,

    Plaintiff,

CASE NO. 07-CV-10241

v.

DISTRICT JUDGE JULIAN ABELE COOK
MAGISTRATE JUDGE CHARLES E. BINDER

WARREN EVANS, Wayne County
Sheriff, WAYNE COUNTY SHERIFF'S
DEPARTMENT, DEPUTY DOE,

    Defendants.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
(Dkt. 17)

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**.

## II.   REPORT

### A.   Introduction and Facts

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred by United States District Judge Julian Abele Cook to the undersigned Magistrate Judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Dkt. 10.) Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC") and is currently housed at the Parnall Correctional Facility in Jackson, Michigan.

Plaintiff claims that upon his admittance to the Wayne County Jail on February 10, 2006, he "informed John Doe Booking Officer that he suffered from being Bipolar (Manic Depressive Mental Health Disorder), with a long history of mental health care problems and treatment, and that he was currently under active prescription to several psychotropic medications, to-wit: Lithium 1500 mg. daily; Depakote ER (extended release) 1500 mg. daily; and Zyprexa 10 mg. daily." (Dkt. 11, Am Compl. ¶ 3.) Despite Plaintiff's disclosure, "John Doe Booking Officer failed to ensure that Plaintiff was placed in the Psychiatric/Mental Health Care Unit of the Wayne County Jail and further failed to have Plaintiff examined or seen by one of the jail psychologists, psychiatrists, or other mental health care personnel." (*Id.* ¶ 4.) Plaintiff alleges he relayed the same information to the "Escorting Officer" to no avail. (*Id.* ¶6-7.)

On February 12 or 14, 2006, Plaintiff avers that he "was assaulted by three other inmates who beat him, and then placed his hand in a steel door casing slamming the steel jail door on his fingers nearly severing two of his fingers." (*Id.* ¶ 9.) Plaintiff yelled and pleaded for medical attention but was not examined until "two full hours" later. (*Id.* ¶ 10-11.) His fingers were stitched and pain medication was prescribed for him. (*Id.* ¶11.) Plaintiff alleges that "John Doe" officers asked him why he wasn't placed in the "psych unit" and if he could identify the inmates that assaulted him, to which Plaintiff responded that he could. (*Id.* ¶ 12-13.) However, Plaintiff alleges that no action was taken against the inmates that assaulted him. (*Id.* ¶ 13.)

Plaintiff contends that "[h]ad Plaintiff been properly screened and processed upon admittance to the Wayne County Jail and appropriately placed in the psychiatric/mental health care facilitation [sic] of the jail, Plaintiff would not have been the subject of cruel torment and physical assaults by general population inmates...[or] suffered physical injury causing acute pain and suffering." (*Id.* ¶ 20-21.)

Plaintiff alleges that Defendant "John Doe Jail Administrator" breached his duty to ensure the jail staff are "properly trained, supervised, and aware of proper and adequate procedures" and that the Jail Administrator and Defendant Wayne County Sheriff showed "deliberate indifference to Plaintiff's serious health care needs." (*Id.* ¶ 26, 29.) Plaintiff further alleges that his injury was the result of "a policy or custom of the governmental entity, to-wit: the Wayne County Jail defendants as named in this § 1983 civil action." (*Id.* ¶ 30.) Similarly, Plaintiff alleges that "John Doe Booking Officer and John Doe escorting Officer displayed a wanton and deliberate indifference to the serious mental health care needs of the Plaintiff that resulted in Plaintiff being subject to cruel torment and physical assault causing serious and painful physical injury from other jail inmates." (*Id.* ¶ 36.)

Plaintiff seeks "monetary and compensatory damages in a sum of not less than $150,000 for the emotional distress, torment, physical cruelty and assault and painful injury that he suffered whil in Defendants' charge and custody...[and] monetary damages in a sum of not less than $250,000 for the deliberate indifference that Defendants have displayed towards Plaintiff's clearly established constitutional rights...which caused Plaintiff to suffer torment and emotional distress, physical cruelty and assault bearing painful injury requiring prompt medical attention and treatment that was unjustly and unnecessarily prolonged." (*Id.* at 13.)(unnumbered paragraphs under "Relief Sought.")

Plaintiff alleges for the first time in his responsive brief that the Defendants displayed deliberate indifference by placing Plaintiff "in an unlocked holding cell where other inmates could freely enter and leave his cell as they pleased." (Dkt. 21 at 9.) Plaintiff also raises, for the first time in his responsive brief, the allegation that "Defendants knew that most of Wayne County Jail's

prisoner population is comprised of African Americans, that Vinyard is Caucasian, and that violent race related problems are prevalent in the Wayne County Jail." (*Id.* at 10.)

**B.     Governing Standards**

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp.*

*Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

    **C.**    **Plaintiff's Eighth Amendment claim fails as a matter of law**

"Prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). "Nonetheless, not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson*, 148 F.3d at 600. *Accord Farmer*, 511 U.S. at 834. "A prison official violates the Eighth Amendment only when . . . [f]irst, the deprivation alleged must be, objectively, 'sufficiently serious' [and] [s]econd, when the offending conduct itself is not a criminal penalty. It is the 'unnecessary and wanton' infliction of pain that implicates the Eighth Amendment . . . [t]hus, a prison official will be liable under the Eighth Amendment for failing to protect an inmate only if the official acted with 'deliberate indifference.'" *Davis v. Brian*, 1999 WL 503522, *3 (6th Cir. July 9, 1999) (unpublished) (internal citations omitted).

"Obduracy or wantonness, not inadvertence or good faith error, characterizes deliberate indifference." *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992).

In the instant case, viewing the facts most favorably to Plaintiff, Defendant failed to protect Plaintiff from an assault by three fellow prisoners and delayed medical treatment by two hours for his injured fingers.

Although Plaintiff alleges that the cause of the assault was his placement in the general population, Plaintiff has not shown, nor do I believe he could show, how placement in the general population created a higher risk of assault than would occur had he been placed in the psychiatric population. Accordingly, I suggest this claim fails and is subject to summary judgment in favor of Defendants. I note that it has been argued that mentally ill persons placed in the general population pose a risk to others in the general population but I have not discovered a case where the opposite contention was made as it has been in the instant case. See, e.g., *Jones v. Beard*, 145 Fed. Appx. 743, 2005 WL 1995438, *2 (3d Cir. Aug. 19, 2005)(plaintiff's allegation that decision to house mentally ill inmate in general population and as his cell-mate where plaintiff had informed guards they were not getting along and cell-mate later assaulted him was not a sufficient allegation of deliberate indifference to risk of injury that could survive summary judgment); *Clark v. Johnson*, No. 97-00538-AH-L, 2000 WL 1568337, *20 (S. D. Ala. Oct. 11, 2000)(allowing mentally ill inmate that assaulted plaintiff to be housed in general population did not show deliberate indifference to members of general population because there was no evidence that inmate posed an excessive risk to other inmates).

This case is distinguishable from those in which the prison officials are alleged to have ignored a prior dispute between inmates and one of the inmates is later injured. As Defendants noted, Plaintiff had never reported any incidents with the assaulting inmates and did not even

mention the assault when he sought medical assistance for his injured fingers. (Dkt. 17 at 3-4, Ex. C, F) Here, I suggest that the Defendants could not have predicted an assault from members of the general population where Plaintiff has not even alleged that any of them had threatened him in the past. Therefore, I suggest that Defendants could not have been deliberately indifferent to any risk of harm to Plaintiff. *Farmer*, 511 U.S. at 844 (prison officials may be free from liability if they were unaware of the facts giving rise to the danger ); *Davis, supra* (affirming summary judgment for defendants where prior heated argument between the plaintiff and inmate was not reported because plaintiff believed it was "common knowledge" and where although inmate had assaulted others, black and white, these incidents did not give the guards notice that the inmate was a substantial risk to white inmates; where guards opened plaintiff's cell door while inmate was on the catwalk; and where other guards who were not named in the suit had broken up a previous fight between plaintiff and the offending inmate); *Plovie v. Jackson*, No. 2:05-CV-128, 2005 WL 2405952, *4 (W. D. Mich. Sept. 29, 2005)(no deliberate indifference where defendants had observed a verbal confrontation between plaintiff and five African American prisoners prior to assault because the verbal confrontation did "not indicate that Plaintiff was likely to be assaulted or that he was in any special danger.").[1]

---

[1] Deliberate indifference will be found to exist only where defendant had notice of a substantial risk of harm. *See Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990) (finding deliberate indifference where officers were told by decedent that his ultimate killer was chasing him with a knife and was intent on killing him and where they had opportunities to prevent the stabbing death by opening the door to the yard to permit decedent to elude his killer, by restraining his killer at the door, by shutting the door before the killer could follow decedent into the yard or by intervening when the killer began attacking decedent as the guards looked on); *Clark v. Corrections Corporation of America*, 98 Fed. App'x 413, 415-16 (6th Cir. 2004) (denying summary judgment in favor of defendants where defendants knew offending inmate was on medication that caused "violent mood swings" and that he was "having problems dealing with his mental problems and had himself requested to be placed in 'the bubble,' an isolated restraint cell for the mentally disturbed," they denied his request to be isolated, and knew of a "'serious conflict'" between plaintiff and the offending inmate).

Similarly, assuming that Plaintiff's cell door was open and that the general population was allowed access to him, this allegation also fails to show deliberate indifference. *Davis v. Brian*, 182 F.3d 916, 1999 WL 503522, *6 (6th Cir. 1999)(Table)("Even if plaintiff could show that the policy was in place [not opening cell doors when others on catwalk], opening plaintiff's cell door while [assaulting inmate] was on the catwalk arguably amounts only to negligence, not deliberate indifference, without actual knowledge on [defendant's] part of a substantial risk that [assaulting inmate] would inflict serious harm upon the plaintiff."); *Newman v. Holmes*, 122 F.3d 650, 653 (8th Cir. 1997)("If [defendant] was merely negligent in creating a known risk by opening [plaintiff's] cell door, he is not liable under the Eighth Amendment, like the prison guard who failed to prevent an inmate assault because he left his post.").

To the extent that Plaintiff's complaint or, more accurately responsive brief (Dkt. 21 at 9-10), asserts "a right to be housed with members of his own race, culture, or temperament,...the Constitution created no such right. Quite the contrary, in fact. *See, Johnson v. California*, 543 U.S. 499, 125 S. Ct. 1141, 160 L. Ed. 2d 949 (2005)(requiring strict scrutiny of racial segregation of inmates)." *Lindell v. Houser*, 442 F.3d 1033, 1035-36 (7th Cir. 2006).

Finally, Plaintiff alleges that the Eighth Amendment was violated in the two-hour delay between the assault and medical treatment. Delay in access to medical attention can violate the Eighth Amendment when it is "tantamount to 'unnecessary and wanton infliction of pain.'" *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1187 (6th Cir. 1994, quoting *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).

Even assuming Plaintiff's averment is correct and that treatment of his injured fingers was delayed two hours, Plaintiff has not averred that he suffered any ill effect from the delay. An inmate who argues that a delay in treatment amounted to an Eighth Amendment violation "must

place verifying medical evidence in the record to establish the detrimental effect of the delay." *Napier v. Madison County*, 238 F. 3d 739, 742 (6th Cir. 2001). Plaintiff's failure to even aver a detrimental effect on his injuries from the delay is fatal to his claim. *Napier, supra; Loggins v. Franklin County, Ohio*, 218 Fed. Appx. 466, 2007 WL 627861, *6 (6th Cir. 2007)("thirty to forty-five minute delay before [plaintiff] was taken to the hospital had no detrimental effect on [plaintiff's] health...outcome would have been the same...[t]herefore, ...summary judgment...is proper."); *Harper v. Wayne County*, No. 04-CV-73007-DT, 2005 WL 2452124, *5 (E. D. Mich. Sept. 30, 2005)(no deliberate indifference where treatment for closed head injury, abrasions, and nasal bone fracture was delayed one hour and no detrimental effect as a result of the delay).

To the extent that Plaintiff's claim is based on Defendant Sheriff Evans's (or any person in a supervisory position's) failure to supervise others, I suggest that such a claim must also fail. Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a "mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Instead, a "'§ 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). There has been no averment that Defendant Sheriff Evans (or any other person in a supervisory position) did anything to authorize, approve or knowingly acquiesce in unconstitutional conduct; therefore, I suggest Plaintiff cannot withstand summary judgment on this ground.

Since I suggest that Plaintiff has failed to establish that a constitutional violation occurred, I further suggest that Defendants are entitled to qualified immunity. *Tucker v. City of Richmond, Ky,* 388 F.3d 216, 219 (6th Cir. 2005) Consequently, the issue of exhaustion of administrative

remedies need not be addressed. I recommend that summary judgment be granted in favor of the Defendants and that the case be dismissed in its entirety.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                 s/ *Charles E. Binder*
                                                 CHARLES E. BINDER
Dated: November 5, 2007              United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Margaret M. Flanigan, and on Andrew Vinyard by first class mail, and served on U.S. District Judge Cook in the traditional manner.

Date: November 5, 2007        By     s/Patricia T. Morris

Law Clerk to Magistrate Judge Binder